**IN THE UNITED STATES DISTRICT COURT FOR**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JUSTIN PARDUE and ERICA PARDUE** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **NO. 3:17-cv-01560** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **MATTHEW P. HOPKINS,** | ) | |
| **LARRY W. ANDERSON,** | ) | |
| **ANDERSON CONSTRUCTION,** | ) | |
| **LARRY ANDERSON CONSTRUCTION** | ) | |
| **CO.,** | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## ORDER AND MEMORADUM OPINION

Pending before the Court is Defendant Matthew Hopkins' ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 10). Plaintiffs filed a response and sur-reply (Doc. Nos. 12, 22) and Defendant replied. (Doc. No. 28). The Court also requested the parties to conduct limited discovery and both parties provided supplemental briefs. (Doc. No. 40, 42). For the reasons discussed below, Defendant's Motion to Dismiss is **DENIED**.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Justin and Erica Pardue ("Plaintiffs") originally filed this action to recover damages arising from injuries sustained on December 22, 2016, when Justin Pardue fell from the roof of Defendant's house located in Sumner County, Tennessee. (Doc. No. 1). Plaintiffs are residents of Kentucky and Plaintiffs allege Defendant is a citizen and resident of Tennessee. (*Id.*). Defendant owned the house and property located in Sumner County, Tennessee and employed Justin Pardue to work on the construction of the house. (*Id.* at 2). According to the Complaint, on December 22, 2016, Justin Pardue stepped out of the window of the house onto the roof and

immediately slipped and fell off the roof sustaining serious injuries. (*Id.* at 3). Plaintiffs filed their Complaint on December 14, 2017, alleging negligence and negligence *per se* against Defendant, and requests damages in an amount more than $75,000. (*Id.* at 5-7). Plaintiffs allege this Court has subject matter jurisdiction because the amount in controversy exceeds $75,000 and the citizenship of the Plaintiffs is completely diverse from the citizenship of the Defendant as mandated by 28 U.S.C. § 1332 (a)(1). (*Id* at 2).

Defendant filed a Motion to Dismiss on February 7, 2018, asserting diversity of citizenship does not exist because on the date Plaintiffs filed the Complaint Defendant was a resident and citizen of Kentucky. (Doc. No. 10). Plaintiffs respond and requests the Court to deny Defendant's motion to dismiss. (Doc. No 12). In the alternative, Plaintiffs request the Court dismiss Defendant alone pursuant to Federal Rules of Civil Procedure Rule 21 or 41 with leave to file an amended complaint, or if the Court dismisses the entire action, to dismiss the Complaint without prejudice and allow Plaintiffs to refile the action in federal or state court under the Tennessee savings statute. (Doc. No. 12 at 26).

## II.     APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint when the Court lacks subject matter jurisdiction. Where subject matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Hazel v. Beta Omicron Chapter of Sigma Nu Fraternity House Corp.* 2009 WL 677325 at *1 (E.D. Tenn. Mar. 12, 2009) (quoting *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Assn.,* 287 F.3d 568, 573 (6th Cir. 2002)). Subject matter jurisdiction based on diversity must have complete diversity of citizenship between all plaintiffs and all defendants. 28 U.S.C. § 1332(a)(2). Complete diversity of citizenship exists when "no plaintiff and no defendant are citizens of the

same state." *Jerome–Duncan, Inc. v. Auto–By–Tel, LLC.,* 176 F.3d 904, 907 (6th Cir.1999) (citing *U.S. Fid. & Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1089 (6th Cir.1992). "Federal jurisdiction is tested according to the facts as they exist at the time an action is initiated." *Woods v. Keith Titus Corp.*, 2013 WL3324062 at * 1 (E.D. Tenn. Jul. 1, 2013) (citing *Television Reception Corp. v. Dunbar,* 426 F.2d 174, 177 (6th Cir.1970)).

Citizenship for purposes of the diversity statute, "means domicile rather than residence." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Woods,* 2013 WL3324062 at * 1 (citing *Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989)). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel,* 477 F.2d at 1120. Both of these factors must be met, "either without the other is insufficient." *Persinger v. Extendicare Health Services, Inc.*, 539 F. Supp.2d 995, 996-97 (S.D. Ohio Feb. 12, 2008) (citing *Kaiser v. Loomis*, 391 F.2d, 1007, 1009 (6th Cir. 1968)). "Mere absence from a fixed home, however long or continued, cannot in and of itself effect a change in domicile." *Id.*

"When a party's domicile is in doubt, courts must utilize a totality of the circumstances, case-by-case approach, weighing a variety of relevant factors. Factors frequently taken into account include:

> the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity. No single one of these factors is dispositive, and the analysis does not focus simply on the number of contacts with the purported domicile, but also their substantive nature."

3

*France v. CSX Transp., Inc.*, 2012 WL 2887160, * at 2-3 (E.D. Tenn. Jul. 13, 2012) (citing *Ford Motor Co. v. Collins*, 2011 WL 5877216, at *2 (E.D. Mich. Nov.23, 2011) (internal quotation marks and citations omitted); *see also Ewert v. Holzer Clinic, Inc.*, 2010 WL 3063226, at *4 (S.D. Ohio Aug. 3, 2010) (citing factors for court to consider when reviewing diversity jurisdiction claims). A district court "has wide discretion" to consider affidavits and other evidence without the motion being converted to one for summary judgment to determine if diversity exists between the parties. *See Ohio Nat'l Life Ins. v. United States of America*, 922 F.2d 320, 325 (6th Cir. 1990).

## III.   ANALYSIS

Defendant argues he had the intent to remain in Kentucky until he moved to Tennessee and was not physically present in Tennessee. (Doc. No. 10, 40). Defendant argues he was a citizen and resident of Kentucky on December 22, 2016, when the accident occurred and on December 14, 2017, when Plaintiffs filed their Complaint. (Doc. No 10-1). On January 2, 2018, the Plaintiffs mailed their Complaint to Defendant's property in Tennessee, but the summons was signed for by Defendant's father-in-law because Defendant still lived in Kentucky and was not physically present. (*Id.*).

Defendant further argues he had the intent to remain in Kentucky until February 2018 because he: (1) was registered to vote and did vote in Allen County, Kentucky, (2) held real property in Kentucky with homeowners insurance acquired in Kentucky, (3) had two bank accounts in Kentucky, (4) has filed his taxes in Kentucky for the past five years, (5) paid membership dues for the Professional Educators of Tennessee, but his membership information lists his Kentucky address and the invoice was also mailed to his Kentucky home, (6) worked as a teacher and his children attended school in Westmoreland, Tennessee, but at the end of the school day he and his children returned to their home in Kentucky, (7) received Sumner School Records

for his children at his home in Kentucky, (8) was listed as an "out-of-state-employee" on the Sumner County school records, (9) had a contract with the Sumner Board of Education and the contract lists his address in Kentucky, (10) holds a Kentucky driver's license that does expire until 2018, and (11) had two motor vehicles registered in the Commonwealth of Kentucky and insured under a Kentucky insurance company. *See* Doc. Nos. 41-1 – 41-21. Based on these factors, Defendant argues his change in domicile did not occur until he was physical present and had the intent to remain in Tennessee, which did not occur until at least February 3, 2018; the first night Defendant stayed overnight at the property in Tennessee. (Doc. No. 40 at 4).

Plaintiffs argue Defendant's responses and documents provides strong support that Defendant had physical presence in Tennessee on the date the Complaint was filed and on the date of the injury. (Doc. No. 42). Plaintiffs presents the following competing factors to show Defendant's domicile was in Tennessee: (1) his bank records show a vast majority of his time (physical presence) was spent in Tennessee because a majority of his debit charges were in Tennessee (Doc. No. 41-8), (2) he made weekly contributions to a church in Tennessee (Doc. 41-8), (3) his federal income tax return lists the Tennessee home as his "main home" beginning in 2016 (Doc. Nos. 41-15 – 41-18), (4) he donated property in Tennessee (41-15), (5) he and his wife were both employed in Tennessee and both children attended school in Tennessee since August of 2016 (Doc. No. 41-18), (6) since August of 2016, he had homeowners insurance through Tennessee Farmers Mutual Insurance Company (Doc. No. 19-12), (7) he was physically present in Tennessee on the day of the accident giving rise to the lawsuit and on the day the complaint was filed (Doc. No. 19 at ¶ 11-12).

Plaintiffs also argue Defendant already owned and paid taxes on the house in Sumner County, Tennessee. (Doc. No. 12 at 4-5). Plaintiffs rely heavily on Tenn. Code Ann. § 13-7-211,

which requires a person applying for a building permit to sign an affidavit stating they are performing work on their own property in their own county of residence.[1] (Doc. No. 12-1 at 21). Plaintiffs argue Defendant signed an affidavit asserting he was performing work on his own property in his own county of residence.[2] (*Id.* at 7). Plaintiffs argues the Court should look to the Defendant's intent to live in Tennessee, physical presence on the day of the accident, and presence in Tennessee when Plaintiffs' filed their lawsuit to establish diversity jurisdiction. (Doc. No. 12, 42).

In order for this Court to have diversity jurisdiction, Plaintiffs must establish that by December 14, 2017, Defendant was physically present in Tennessee and had the intention to remain there indefinitely. *See S. Indus. Mech. Maint. Co., LLC v. Swafford*, 2013 WL 5375422, at *3 (W.D. Tenn. Sept. 24, 2013). Despite some definite ties to Kentucky, multiple factors show Defendant had the intent to make Tennessee his home indefinitely. *Bishop v. Hamya*, 2017 WL 684243, *2 (M.D. Tenn. Jan. 12, 2017) (finding Plaintiff's actions demonstrated California, not Tennessee, was his domicile after only remaining in Tennessee for as long as medically necessary then returning back to California to continue his rehabilitation). Defendant lists his main home as Tennessee on tax documents starting in 2016, signed an affidavit stating he was supervising work on property in his county of residence, made weekly contributions to a church in Tennessee, worked in Tennessee, enrolled his children in Tennessee schools, and in February 2017, Defendant moved into the home in Tennessee. Furthermore, on the date of the injury Defendant was

---

[1] Tenn. Code Ann. § 13-7-211 requires a person seeking a building permit to have workers compensation insurance unless an exemption applies.

[2] "This section does not apply to those persons who are not required by title 50, chapter 6, to obtain workers' compensation coverage, to any person who performs work on such person's own property in such person's own county of residence, or to any person who directly supervises work on such person's own property in such person's own county of residence." Tenn. Code Ann. § 13-7-211(c)(1).

physically present at the home in Tennessee and when the Complaint was filed Defendant was in Tennessee teaching his history class. The Court finds Defendant formed the requisite intent to make Tennessee his permanent home at the time he accepted a job, enrolled his children, found a church to attend, and listed Tennessee as his "main home" on his tax forms. *See Bateman v. DuPont De Nemours & Co.,* 7 F.Supp.2d 910, 912 (E.D.Mich.1998) (stating, "[a] domicile is distinguished from a residence by the permanency and scope of a party's presence at either location. It is the place where a person dwells and which is the center of his domestic, social, and civil life"). Defendant was present in Tennessee in all aspects of his life, which can be shown through his employment, tax and permit forms, and debit charges. The Court also finds persuasive that Defendant moved to Tennessee two months after Plaintiffs filed the Complaint.

A balancing of the relevant factors leads the Court to find that Defendant has failed to meet his burden of establishing that he was a Kentucky citizen at the time the action was commenced on December 14, 2017. Defendant was physically present in Tennessee, and had the requisite intent to remain in Tennessee indefinitely. Thus, because complete diversity exists between the parties, the Court has subject matter jurisdiction over the action against Defendant, and Defendant's Motion to Dismiss is **DENIED**.[3]

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Because the Court denies the motion to dismiss, the Court will not address Plaintiff's other arguments relating to the Tennessee Savings Statutes.